UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CARL MICHAEL COTTEE,
    *Petitioner*,

v.

UNKNOWN,
    *Respondent.*

1:22-cv-149-MSN-IDD

MEMORANDUM OPINION

Carl Michael Cottee, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2017 convictions for second-degree murder and child neglect in the Circuit Court of the City of Newport News, Virginia. [Dkt. No. 1]; *Commonwealth v. Cottee*, Case No. CR14000364-00 and -365-00. As discussed herein, the petition must be dismissed.

I.    **Procedural Background**

Petitioner pled guilty on March 16, 2017, and was sentenced on August 4, 2017, to forty years in prison for second-degree murder and ten years in prison for child neglect. Judgment was entered on August 4, 2017. [Dkt. No. 1 at 1]. Petitioner filed a direct appeal in the Court of Appeals of Virginia, Record No. 1261-17-1, that was denied by a single judge on March 27, 2018, and a three-judge panel of the court denied the petition for appeal on May 17, 2018. The Supreme Court of Virginia refused his subsequent appeal on November 21, 2018. Record No. 180704. [Dkt. No. 1 at 2].[1] The petition does not reference any motions or petitions after the refusal of the appeal by the Supreme Court of Virginia. [*Id.* at 3].

---

[1] The online Virginia Courts Case Information System confirms the dates of petitioner's convictions and the relevant dates of his appeals. *See* http://www.courts.state.va.us/ (Case Status and Information page, Circuit Court, Newport

On August 11, 2022, this Court reviewed the § 2254 petition, determined that it was likely barred by the federal statute of limitations, and entered an order directing Petitioner to establish that the statute of limitations did not apply or should otherwise be tolled. [Dkt. No. 5] (citing *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (requiring notice and the opportunity to respond before a *sua sponte* dismissal under 28 U.S.C. § 2244(d)). The August 11, 2022 Order warned Petitioner that his petition would be dismissed as barred by the statute of limitations unless, within thirty (30) days, he contested the application of the one-year statute of limitations or established that he was entitled to equitable tolling.

On September 8, 2022, Petitioner filed a motion for a stay and asked the Court to put his federal petition "in abeyance, due to the fact [that he did] not understand the law . . . [and had] filed out of order." [Dkt. No. 6]. He argues that due to COVID-19, receiving bad advice, and proceeding without a lawyer, he "just found out that [he] did not exhaust all state remedies" and has "since filed the state habeas corpus for Newport News[,] Virginia." [*Id.*].

## II.    Statute of Limitations

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner signed his federal habeas petition on January 12, 2022, which is the earliest he could have sent his petition to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). His direct

---

News) (search "Cottee, Carl"); *id.* (Case Status and Information, Court of Appeals page) (search "Cottee, Carl"). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g.*, *Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online).

appeal ended on November 21, 2018, when the Supreme Court of Virginia refused it, and was final for federal habeas purposes ninety days later on February 19, 2019. The federal statute of limitations thus lapsed on February 19, 2020, yet the federal petition was not filed until over 21 months later. Petitioner's statements about timeliness in his motion to stay [Dkt. No. 6] does not adequately explain this delay.

    A.    **Statutory Tolling**

Petitioner does not seek statutory tolling and, on the face of the record and taking judicial notice of publicly available court records, statutory tolling is unavailable because once the federal statute of limitations has lapsed, nothing remains to be tolled. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . revive the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (cleaned up); *Tinker v. Moore*, 255 F.3d 1331, 1332 (11th Cir. 2001) (petition for relief in state court filed after the federal limitations period has expired cannot toll the period because nothing remains to be tolled); *Trapp v. Spencer*, 479 F.3d 53, 58-59 (1st Cir. 2007) ("Section 2244(d)(2) does not reset the clock on the limitations period . . . but merely stops it temporarily, until the relevant applications for review are ruled upon"), *abrogated on other grounds by Holmes v. Spencer*, 822 F.3d 609 (1st Cir. 2016); *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005) ("Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired") (cleaned up). Moreover, in his response to the August 11, 2022 Order, Petitioner admits he had not filed any post-conviction actions prior to filing his federal petition.

### B. Equitable Tolling

Because the federal statute of limitations has lapsed and no statutory tolling is available, the petition is untimely under § 2244(d) unless Petitioner can qualify for equitable tolling by demonstrating that (1) he had been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate fulfillment of both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 12304, 1307 (11th Cir. 2008)). A petitioner generally is obliged to specify the steps he took in diligently pursuing his federal claim, *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001), and he must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). It is widely recognized that equitable tolling is to be applied only infrequently. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Here, Petitioner requests that the Court stay this civil action while he seeks state habeas review of his claim, arguing that due to his ignorance of the law, his lack of legal representation, COVID, and receiving "bad advice," he was unaware that he had failed to exhaust state remedies

4

and has "since filed the state habeas corpus for Newport News[,] Virginia."[2] [Dkt. No. 6]. Unfortunately, as the Fourth Circuit has explained, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *accord Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000) ("It is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing").

Petitioner's remaining reasons for delay are too vague and lacking in factual detail to entitle him to equitable tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling.") (citations omitted); *see also Howard v. United States*, No. 4:20cv1632, 2021 U.S. Dist. LEXIS 22300, at *8 (E.D. Mo. Feb. 5, 2021) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion.") (citations omitted), *appeal dismissed*, 2021 U.S. App. LEXIS 27981 (8th Cir. May 17, 2021). Petitioner has not stated with specificity how the conditions he complains of prevented him from filing his § 2254 petition on time. *See United States v. Martinez*, 303 F. App'x 590, 596 (10th Cir. 2008) (an inmate must provide "specific details" to demonstrate how the alleged conditions "hindered his ability" to pursue his claims within the statute of limitations). Petitioner's argument lacks the requisite level of specificity to warrant equitable tolling.

---

[2] Petitioner does not appear to have filed a state habeas petition as claimed. The online dockets for the Circuit Court of the City of Newport News, Virginia, and the Supreme Court of Virginia, do not reflect that Petitioner has filed a state habeas petition related to his murder and child neglect convictions. *See* http://www.courts.state.va.us/ (Case Status and Information page, Circuit Court, Newport News) (search "Cottee, Carl"); *id.* (Case Status and Information (Supreme Court of Virginia page) (search "Cottee, Carl"). *See Coil*, 887 F.2d at 1239 (judicial notice frequently used to ascertain the content of court records") (collecting cases); *see, e.g.*, *Lynch*, 382 F.3d at 647 & n.5 (taking judicial notice of state court records available to public online).

**III.     Motion for a Stay**

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court held that a district court has the option to stay a mixed petition and hold it in abeyance while the petitioner exhausts the unexhausted claims in state court and then lift the stay and adjudicate the petition once all claims are exhausted. *Id.* at 275-76. *Rhines* explained that the stay and abey procedure "should be available only in limited circumstances" and only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

The Court does not need to determine if good cause exists in this instance because *Rhines'* stay procedure "is limited to timely petitions." *Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009). Where, as here, a petitioner's federal limitations period expired before he filed a "protective" federal petition, a stay is futile because he no longer has anything left to "protect." *See, e.g.*, *Ceja v. Small*, 438 F. App'x 563, 564 (9th Cir. 2011); *Dang v. Sisto*, 391 F. App'x 634, 635 n.9 (9th Cir. 2010); *Bennett v. Walsh*, No. 3:11-cv-2286, 2014 U.S. Dist. LEXIS 135314, *14 (M.D. Pa. Sept. 22, 2014) ("There is no good cause to grant a stay where the action must ultimately be dismissed as untimely"); *Billa v. Curry*, No. CIV S 05-1554, 2006 U.S. Dist. LEXIS 84350, at *2-3 (E.D. Cal. Nov. 20, 2006), *adopted*, 2007 U.S. Dist. LEXIS 1315, (E.D. Cal. Jan. 5, 2007) (denying stay under *Rhines* where the statute of limitations already had run as to the petitioner's claims).

In addition, Petitioner's claim—that his due process rights were violated because the trial judge did not comply with state requirements and imposed a sentence outside of the state guidelines, but within the range of the sentence authorized by statute—lacks merit. First, a sentence within legislatively mandated guidelines is presumptively valid, *Rummel v. Estelle*, 445 U.S. 263, 272 (1980), and there is "[n]o federal constitutional issue . . . presented where . . . the sentence is

within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam). Federal habeas courts "afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000) (citation omitted); *see also Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1998) ("federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures"). Even if Petitioner does file a state habeas petition, the claim would likely be barred, either (1) because it is a claim that could have been raised in trial and pursued on appeal, *see Slayton v. Parrigan*, 205 Va. 27, 29 (Va. 1974), or (2) as untimely because it was not raised in a state habeas petition filed within Virginia's habeas statute of limitations. *See* Va. Code § 8.01-654(A)(2).

### IV. Conclusion

For the foregoing reasons, this petition must be DISMISSED WITH PREJUDICE and an appropriate Order shall issue.[3]

/s/
Michael S. Nachmanoff
United States District Judge

January 26, 2023
Alexandria, Virginia

---

[3] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner fails to meet this standard.